**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4665**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

REGINAL BRIAN ALEXANDER, a/k/a Boogie Bear, a/k/a Sugar Bear,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00604-JFA-20)

Submitted: June 30, 2017               Decided: July 14, 2017

Before MOTZ, TRAXLER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James T. McBratney, Jr., MCBRATNEY LAW FIRM, P.A., Florence, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginal Brian Alexander pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (2012). The district court imposed a within-Sentencing Guidelines sentence of 262 months' incarceration. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Alexander's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether Alexander's appellate waiver bars his appeal, whether the district court complied with Fed. R. Crim. P. 11 in accepting Alexander's plea, and whether the district court erred in denying Alexander's motion for a variance. Alexander filed a pro se brief, arguing that the district court erred in sentencing him as a career offender. We affirm.

We first conclude that Alexander's appellate waiver does not bar our *Anders* review because the Government has not invoked the waiver in a motion to dismiss Alexander's appeal. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007). Next, because Alexander did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Alexander "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pled guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pled guilty but for the error. *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013).

We conclude that the district court substantially complied with Rule 11 and that the court's minor omissions did not affect Alexander's substantial rights.

With regard to Alexander's motion for a variance, "[w]e review all sentences— whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing a sentence for substantive reasonableness, this court considers "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* Because the district court explained that it denied Alexander's motion to avoid unwarranted sentencing disparities, we conclude that the denial was reasonable. *See* 18 U.S.C. § 3553(a)(6) (2012).

Finally, in his pro se brief, Alexander argues that the district court erred in determining that his prior South Carolina conviction for distributing, dispensing, or delivering marijuana was a controlled substance offense under U.S. Sentencing Guidelines Manual § 4B1.2(b) (2015) and a proper career offender predicate offense. Alexander argues that the South Carolina Code's definition of "distribute" is broader than the Guidelines' definition. Because Alexander did not challenge the district court's use

of his marijuana conviction as a career offender predicate, we review for plain error. *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017).

The Code of Laws of South Carolina defines distribute as "to deliver (other than by administering or dispensing) a controlled substance." S.C. Code Ann. § 44-53-110(17) (2016). The Code defines deliver or delivery as "the actual, constructive, or attempted transfer of a controlled drug or paraphernalia whether or not there exists an agency relationship." *Id.* § 44-53-110(10). The United States Code provides nearly identical definitions of distribute and deliver. *See* 21 U.S.C. § 802 (2012). "[D]istribute means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical." *Id.* § 802(11). "[D]eliver . . . mean[s] the actual constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship." *Id.* § 802(8). We therefore conclude that the district court did not plainly err in determining that Alexander's prior conviction for distributing marijuana constituted a controlled substance offense for purposes of the career offender Guideline.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Alexander, in writing, of the right to petition the Supreme Court of the United States for further review. If Alexander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alexander.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*