**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4317**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DAMIEN RILEY,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge.  (1:13-cr-00608-WDQ-1)

Argued:  March 21, 2017                                    Decided:  May 9, 2017

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by published opinion.  Judge Wilkinson wrote the opinion, in which Judge Diaz and Judge Floyd joined.

**ARGUED**: Julie Marie Reamy, JULIE M. REAMY, ATTORNEY AT LAW, LLC, Baltimore, Maryland, for Appellant.  David Daniel Metcalf, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF**: Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

WILKINSON, Circuit Judge:

Damien Riley challenges his designation as a career offender under the U.S. Sentencing Guidelines, arguing that his prior conviction for Maryland robbery with a dangerous weapon does not qualify as a predicate "crime of violence." We conclude that this offense was a crime of violence under the residual clause of the career offender guideline in effect when Riley was sentenced.

I.

Riley was convicted of four counts of possession with intent to distribute a controlled substance. The presentence report (PSR) designated Riley as a career offender under U.S.S.G. § 4B1.1 based on his previous felony convictions under Maryland law for robbery with a dangerous weapon and distribution of a controlled dangerous substance. The designation elevated his guidelines range from 21-27 months of imprisonment to 210-262 months. Riley did not object to his classification as a career offender in the PSR.

At the sentencing hearing, Riley's counsel stated that "there is no dispute whatsoever that he is a career offender" and instead argued that the designation was "over-representative of his criminal history." J.A. 22. Accordingly, Riley sought a downward departure for his criminal history and a downward variance on his overall sentence. The district court adopted the PSR and sentenced Riley to 210 months imprisonment. Riley now appeals his designation as a career offender, claiming that Maryland robbery with a dangerous weapon is not a crime of violence.

II.

In general, we review de novo whether a defendant's prior offense qualifies as a crime of violence under the career offender guideline. *United States v. Carthorne*, 726 F.3d 503, 509 (4th Cir. 2013). But where, as here, "a defendant has not objected to that classification before the district court, we review such a question for plain error." *Id.* In addition, we "may affirm on any grounds apparent from the record." *United States v. Smith*, 395 F.3d 516, 519 (4th Cir. 2005).

We conclude that the district court did not err—let alone plainly err—in classifying Riley as a career offender. Maryland robbery with a dangerous weapon fits comfortably within the residual clause of the career offender guideline's definition of a "crime of violence."

A.

The Sentencing Guidelines provide for enhanced sentences for career offenders. Section 4B1.1(a) sets forth three criteria for the designation, the last of which is at issue here:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).[*] Riley concedes that his previous felony drug offense serves as a predicate "controlled substance offense." *See* Br. of Appellant at 4.

---

[*] This opinion cites the 2014 Federal Sentencing Guidelines Manual, which was in effect when Riley was sentenced, unless otherwise noted.

The definition of the term "crime of violence" in effect when Riley was sentenced contained a force clause, an enumerated clause, and a residual clause (which was later rescinded). Under that definition, a federal or state offense punishable by more than one year of imprisonment qualifies as a crime of violence if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" (force clause); "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (enumerated clause); "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). § 4B1.2(a).

Shortly after Riley noted his appeal, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* invalidated the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Id.* at 2563. Because the residual clause in *Johnson* was identical to that of the career offender guideline, the Sentencing Commission removed the residual clause from the guideline's definition of "crime of violence." *See* U.S.S.G. supp. app. C, amend. 798 (effective Aug. 1, 2016). But in *Beckles v. United States*, the Supreme Court held that the guidelines "are not subject to a vagueness challenge under the Due Process Clause" and that "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." 137 S. Ct. 886, 892 (2017). Despite *Johnson*, then, the residual clause of the career offender guideline remains valid.

B.

The only question on appeal is whether Maryland robbery with a dangerous weapon qualifies as a "crime of violence." We conclude that it does.

4

Section 3-403 of the Maryland Criminal Code provides, "A person may not commit or attempt to commit robbery . . . with a dangerous weapon [or] by displaying a written instrument claiming that the person has possession of a dangerous weapon." Md. Code Ann., Crim. Law § 3-403. The statute adopts the common law definition of robbery: "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or putting in fear." *Conyers v. State*, 693 A.2d 781, 796 (Md. 1997) (quoting *West v. State*, 539 A.2d 231, 233 (Md. 1988)). The Maryland Court of Appeals has explained that "[r]obbery with a deadly weapon is not a separate substantive offense, but if the State can prove that a defendant used a deadly weapon during the commission of a robbery, the defendant is subject to harsher penalties." *Id.* at 796-97.

Because we conclude that Maryland simple robbery is a crime of violence under the residual clause, we need not reach the question of whether Maryland simple robbery and Maryland robbery with a dangerous weapon are separate offenses under federal law. If they are, robbery with a dangerous weapon is a fortiori a crime of violence; if not, our analysis of simple robbery suffices. Either way, Riley's prior robbery offense serves as a predicate for purposes of applying the career offender guideline.

Under Maryland law, robbery entails the carrying away of another's property "from his person or in his presence . . . by violence or putting in fear." *Conyers*, 693 A.2d at 796. This classic articulation of robbery involves conduct that undoubtedly "presents a serious potential risk of physical injury to another." § 4B1.2(a); *see also United States v. Jarmon*, 596 F.3d 228, 232 (4th Cir. 2010) (holding that North Carolina larceny from the

person is a crime of violence under the career offender guideline's residual clause even though the offense "entails *less violence* than robbery"); *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011) (holding that North Carolina simple robbery is a violent felony under ACCA's residual clause).

In addition, the commentary on § 4B1.2 expressly includes robbery in a list of offenses that qualify as crimes of violence. § 4B1.2, cmt. n.1. These offenses "serve as additional enumerated offenses, or 'example crimes,' to be considered when determining whether a prior conviction" falls within the residual clause. *United States v. Mobley*, 687 F.3d 625, 629 (4th Cir. 2012); *see also United States v. Peterson*, 629 F.3d 432, 438 (4th Cir. 2011) ("[T]he commentary to § 4B1.2(a)(2) adds to the list of example crimes listed in § 4B1.2(a)(2) an additional six crimes of violence under the Guidelines . . . ."). Robbery, then, is a paradigmatic example of a crime presenting "a serious potential risk of physical injury to another." It plainly constitutes a crime of violence under the residual clause.

Because we rest our judgment on the residual clause, we need not address Riley's arguments concerning the force clause. The district court did not err by designating Riley a career offender.

*AFFIRMED*

6