**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4559**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

      v.

DAVID SIMS, JR., a/k/a David D. Sims, a/k/a David Sims,

     Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:14-cr-00236-FDW-DSC-1)

Submitted: July 27, 2017             Decided: August 14. 2017

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Roderick M. Wright, Jr., THE WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Sims, Jr., pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Sims to 92 months of imprisonment and he now appeals. Finding no error, we affirm.

Sims first argues on appeal that the district court erred in calculating the base offense level under U.S. Sentencing Guidelines Manual § 2K2.1 (2016)[*], because his prior Florida carjacking conviction and Georgia aggravated assault conviction do not qualify as crimes of violence under the Sentencing Guidelines. *See* USSG §§ 2K2.1(a)(2), 4B1.2(a). We review "de novo whether a defendant's prior offense qualifies as a crime of violence under the" Guidelines. *United States v. Riley*, 856 F.3d 326, 327-28 (4th Cir. 2017). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in calculating the base offense level under the Guidelines.

Sims next challenges the district court's application of a four-level enhancement in offense level for possession of the firearm in connection with another felony offense. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm

---

[*] We would reach the same conclusion under the version of the Guidelines in effect when Sims committed the offense as that in effect when Sims was sentenced.

conviction that a mistake has been committed." *Id.* at 631 (internal quotation marks and alteration omitted).

Pursuant to USSG § 2K2.1(b)(6)(B), a district court shall apply a four-level enhancement to the offense level if the defendant possessed a firearm in connection with another felony offense. "A defendant possesses a firearm in connection with another felony when the firearm facilitated, or had the potential of facilitating the other offense." *United States v. McKenzie-Gude*, 671 F.3d 452, 463 (4th Cir. 2011) (internal quotation marks omitted). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *Id.* at 464 (internal quotation marks omitted). Upon review of the record, we conclude that the court committed no clear error in enhancing Sims' offense level.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*