**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1186**

CRAIG MISTLER,

Plaintiff - Appellant,

v.

WORTHINGTON ARMSTRONG VENTURE  (WAVE),

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge.  (1:15-cv-03458-JFM)

Submitted:  August 30, 2017                     Decided:  September 14, 2017

Before TRAXLER, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Arinderjit Dhali, DHALI PLLC, Washington, D.C., for Appellant.  Theresa M. Connolly, CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Craig Mistler appeals the district court's order granting Worthington Armstrong Venture's summary judgment motion on his claims, brought pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601 to 2654 (2012) (FMLA), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 (2012), and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't §§ 20-606 to 20-609 (West 2014) (MFEPA). We have reviewed the record and considered the parties' arguments and discern no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Mistler v. Worthington Armstrong Venture*, No. 1:15-cv-03458-JFM (D. Md. Feb. 6, 2017); *see also United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (recognizing that this court may affirm a district court's order "on any grounds apparent from the record" (internal quotation marks omitted)), *pet. for cert. filed*, No. 17-5559 (Aug. 7, 2017); *Yashenko v. Harrah's N.C. Casino Co., LLC*, 446 F.3d 541, 547 (4th Cir. 2006) ("[T]he FMLA does not require an employee to be restored to his prior job after FMLA leave if he would have been discharged had he not taken leave."); *Adkins v. Peninsula Reg'l Med. Ctr.*, 119 A.3d 146, 165 (Md. Ct. Spec. App. 2015) ("[U]nder both [the MFEPA] and federal law, the employee still must identify a *reasonable* accommodation that could have been possible."), *aff'd*, 137 A.3d 211 (Md. 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*