# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4666**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

DWAYNE JEROME ANDERSON, a/k/a Life,

     Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:14-cr-00604-JFA-26)

Submitted: October 30, 2017      Decided: November 7, 2017

Before MOTZ, TRAXLER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Hannah Rogers Metcalfe, METCALFE & ATKINSON, LLC, Greenville, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Jerome Anderson pled guilty to conspiracy to possess with intent to distribute and to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and the district court sentenced him to 151 months' incarceration, the bottom of the advisory Sentencing Guidelines range established by the district court. Anderson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 when accepting Anderson's plea, whether the district court properly classified Anderson as a career offender, and whether Anderson's sentence is reasonable. Anderson has filed a pro se brief raising several issues.[1] We affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that he comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Anderson did not move to withdraw his guilty plea; thus, we review the adequacy of the Rule 11 hearing for plain error. *United*

---

[1] After thoroughly reviewing the record, we conclude that the issues Anderson raises in his pro se brief are without merit.

2

*States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014).  We conclude that the district court substantially complied with Rule 11 and that any minor omissions in the Rule 11 colloquy did not affect Anderson's substantial rights.  *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013).

Next, we review for plain error whether Anderson's South Carolina convictions for distribution of crack cocaine, pointing and presenting a firearm, and assault with intent to kill were proper career offender predicate convictions.  *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (providing standard of review), *cert. denied*, ___ S. Ct. ___, No. 17-5559, 2017 WL 3480672 (U.S. Oct. 2, 2017).  We review de novo the classification of Anderson's conviction for criminal domestic violence of a high and aggravated nature (CDVHAN) as a career offender predicate conviction.  *Id.* at 327-28. To be classified as a career offender, a defendant must, in relevant part, "ha[ve] at least two prior felony convictions of either a crime of violence or a controlled substance offense."  *Id.* at 328; *see* U.S. Sentencing Guidelines Manual § 4B1.2 (2015) (defining crime of violence and controlled substance offense).

Anderson was convicted of distribution of crack cocaine, a controlled substance offense, for which he received a sentence of three years' imprisonment.  Anderson also was convicted of pointing and presenting a firearm, which we have held is a crime of violence.  *United States v. King*, 673 F.3d 274, 280 (4th Cir. 2012).  We therefore

3

conclude that the district court properly classified Anderson as a career offender based on those offenses.[2]

Finally, we review Anderson's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, we review a sentence for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. In this case, the district court properly calculated an advisory Guidelines range of 151 to 188 months' incarceration. The court then allowed Anderson to allocute and both parties to present argument. The court imposed a within-Guidelines sentence of 151 months' incarceration, explaining that it considered the § 3553(a) factors, Anderson's criminal record, the need to promote respect for the law and deterrence, and the seriousness of the offense. We therefore conclude that Anderson's sentence is procedurally reasonable.

If a sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

---

[2] In light of this conclusion, we need not determine whether either assault with intent to kill or CDVHAN is a crime of violence.

4

We conclude that no evidence in the record rebuts the presumption of reasonableness accorded Anderson's within-Guidelines-range sentence. *See id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*