**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4330**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DASHAWN D. BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00088-REP-2)

Submitted:  October 30, 2018                    Decided:  November 16, 2018

Before DUNCAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles A. Gavin, CAWTHORN, DESKEVICH & GAVIN, P.C., Richmond, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Peter S. Duffey, Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dashawn D. Brown appeals the district court's order revoking his supervised release and sentencing him to 60 months' imprisonment. The district court determined that Brown had violated his conditions of supervised release by committing the Virginia offenses of malicious wounding and use of a firearm in the commission of a felony. On appeal, Brown challenges the district court's admission of hearsay testimony at the revocation hearing and its revocation of his supervised release. We affirm.

Brown first argues that the district court improperly admitted a law enforcement officer's testimony relating the victim's statements at the scene of the shooting as excited utterances pursuant to Fed. R. Evid. 803(2) and, in the alternative, pursuant to the residual exception to hearsay in Fed. R. Evid. 807. He also contests the admission of another officer's testimony relating the victim's statements in the hospital as a declarant-witness' prior statement of identification pursuant to Fed. R. Evid. 801(d)(1)(C), and under the residual exception.

"We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014). "Supervised release revocation hearings are informal proceedings in which the rules of evidence, including those pertaining to hearsay, need not be strictly applied." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012); *see* Fed. R. Evid. 1101(d)(3). "[P]rior to admitting hearsay evidence in a revocation hearing [in the absence of the declarant], the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *Doswell*, 670

2

F.3d at 530. "If hearsay evidence is reliable and the Government has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1." *Id.* at 531.

The district court here did not abuse its discretion in admitting the contested statements. Brown's arguments regarding the Federal Rules of Evidence's exceptions and exclusions from hearsay are irrelevant because such rules are inapplicable to revocation hearings. *See id.* at 530; Fed. R. Evid. 1101(d)(3). The victim testified at the revocation hearing and Brown had full opportunity to, and did, cross-examine him, satisfying Fed. R. Crim. P. 32.1(b)(2)(C)'s confrontation requirement. *See Doswell*, 670 F.3d at 530. Accordingly, any issues with the contested testimony's reliability affect its weight and not its admissibility. *See id.*; Fed. R. Evid. 1101(d)(3). We thus decline to disturb the district court's admission of the statements. *See United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) ("[W]e may affirm on any grounds apparent from the record." (internal quotation marks omitted)).

Brown next challenges the district court's revocation of supervised release, contending that the evidence was insufficient to show that he committed malicious wounding because it did not demonstrate that Brown shot the victim with the requisite intent.[*] We review a district court's revocation decision for abuse of discretion and its

---

[*] Brown also contends in the conclusion section of his opening brief and in his reply brief that the district court clearly erred in its credibility determinations and in finding that Brown shot the victim. Brown has forfeited these arguments on appeal by failing to raise them in the argument section of his opening brief. *See United States v.* (Continued)

3

underlying factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012).

Pursuant to Va. Code Ann. § 18.2-51 (2018), a person is guilty of malicious wounding if he "maliciously shoot[s] . . . any person or by any means cause[s] him bodily injury, with the intent to maim, disfigure, disable, or kill." "The mens rea of the crime is an intent to maim, disfigure, disable or kill . . . ." *Commonwealth v. Perkins*, 812 S.E.2d 212, 217 (Va. 2018) (internal quotation marks omitted). "Intent . . . may, *and often must*, be inferred from the facts and circumstances in a particular case." *Id.* at 217-18 (internal quotation marks omitted). "The state of mind of an alleged offender may be shown by his acts and conduct, and it is permissible for the fact finder to infer that every person intends the natural, probable consequences of his or her actions." *Id.* at 218 (citations, brackets, and internal quotation marks omitted).

The district court did not clearly err in finding the requisite intent for malicious wounding. The Government presented evidence that the shooting was unprovoked and that the shooter, whose face was covered, approached the victim from behind, pulled out a gun, shot him in the side, and fled. This evidence established by a preponderance of the evidence that the shooter shot the victim with the "intent to maim, disfigure, disable or

---

*White*, 836 F.3d 437, 443 (4th Cir. 2016) ("[C]ontentions not raised in the argument section of the opening brief [are] abandoned." (internal quotation marks omitted)).

kill." *See* Va. Code Ann. § 18.2-51; *Perkins*, 812 S.E.2d at 219 ("Violently striking an unsuspecting, defenseless victim, without provocation, in the back of the head with a firearm . . . supports the reasonable inference that the attacker had the intent to maliciously wound the victim in cases where, as here, the attack actually injured the victim."). Thus, the district court did not abuse its discretion in revoking Brown's supervised release.

Accordingly, we affirm the district court's revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*