**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6563**

TADD ERROL VASSELL,

                    Petitioner - Appellant,

      v.

TERRY O'BRIEN, Warden, U.S. Penitentiary Hazelton,

                    Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:17-cv-00009-FPS)

Submitted: November 29, 2018                  Decided: December 18, 2018

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas J. Hurney, Jr., Grace E. Hurney, JACKSON KELLY PLLC, Charleston, West Virginia; Bryan S. Gowdy, CREED & GOWDY, P.A., Jacksonville, Florida, for Appellant. Jefferson B. Sessions, III, Attorney General, OFFICE OF THE ATTORNEY GENERAL, Washington, D.C.; G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tadd Errol Vassell appeals the district court's order adopting the magistrate judge's recommendation to dismiss Vassell's 28 U.S.C. § 2241 (2012) petition against Terry O'Brien, the warden of the United States Penitentiary at Hazelton, West Virginia. In his petition, Vassell asserted that, under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and *Graham v. Florida*, 560 U.S. 48 (2010), his mandatory life-without-parole sentence is unconstitutional and void ab initio because it was imposed for a conspiracy he entered when he was a juvenile. After conducting a de novo review, we agree with the district court that 28 U.S.C. § 2255 (2012) is not rendered inadequate or ineffective to test the legality of Vassell's sentence and, thus, Vassell may not subvert the limitations on successive habeas petitions by raising his *Graham* claim in a § 2241 petition. *See United States v. Wheeler*, 886 F.3d 415, 428-29 (4th Cir. 2018) (setting forth test to apply to prisoners' § 2241 challenges to sentences), *pet. for cert. filed*, __ U.S.L.W. __ (U.S. Oct. 4, 2018) (No. 18-420).[*] We have considered Vassell's remaining arguments and find them without merit. Accordingly, we affirm the district court's order. *See Vassell v.*

_____

[*] Prior to *Wheeler*, this court had not extended the reach of the savings clause to petitioners challenging only their sentence. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Although both the magistrate judge and the district court mentioned this pre-*Wheeler* limitation, neither relied solely on pre-*Wheeler* caselaw forbidding § 2241 sentencing challenges to dispose of Vassell's petition. We thus find no reversible error. *See United States v. Landersman*, 886 F.3d 393, 413 (4th Cir. 2018) (recognizing that an error is harmless if the court can "find that the judgment was not substantially swayed by the error"); *cf. United States v. Riley*, 856 F.3d 326, 328 (4th Cir.) (recognizing that this court may affirm a district court's judgment "on any grounds apparent from the record" (internal quotation marks omitted)), *cert. denied*, 138 S. Ct. 273 (2017).

*O'Brien*, No. 5:17-cv-00009-FPS (N.D.W. Va. Mar. 19, 2018).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*