**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6725**

AZIZ MATEEN-EL,

Plaintiff - Appellant,

v.

W. ROBERT BELL, Superior Court Judge; P. LYTLE, Magistrate; R. ANDREW
MURRAY, District Attorney; KAREN D. MCCALLUM, Assistant District
Attorney; KEVIN P. TULLY, Public Defender; JESSICA B. DELUCIA, Assistant
Public Defender; PETER NICHOLSON, Assistant Public Defender; IRWIN
CARMICHAEL, Mecklenburg County Sheriff; MORTON, Mecklenburg County
Sheriff Office; ALBERTSON, Charlotte Mecklenburg Police; TASHAUN S.
LANE, McDonald's at 3058 Eastway Dr, Charlotte, NC,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina,
at Charlotte. Frank D. Whitney, Chief District Judge. (3:18-cv-00224-FDW)

Submitted: December 7, 2018                                    Decided: January 8, 2019

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit
Judge.

Affirmed as modified by unpublished per curiam opinion.

Aziz Mateen-El, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aziz Mateen-El filed a 42 U.S.C. § 1983 (2012) complaint against state court judges, district attorneys, public defenders, law enforcement officers, and a private citizen, seeking damages and injunctive relief. The district court abstained from exercising jurisdiction over Mateen-El's complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the action.[1] With regard to Mateen-El's claims for injunctive relief, we have reviewed the record and conclude that the district court committed no reversible error in abstaining from reviewing those claims. Thus, we grant leave to proceed in forma pauperis and affirm that portion of the order for the reasons stated by the district court. *Mateen-El v. Bell*, No. 3:18-cv-00224-FDW (W.D.N.C. May 18, 2018). However, we modify the dismissal of the claims for injunctive relief to be with prejudice. *See Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006).

Turning to Mateen-El's damages claims, we conclude that *Younger* abstention does not govern those claims, as such relief is not available in state criminal proceedings. *See id.* at 248. Nevertheless, we may affirm the district court's order "on any grounds apparent from the record." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 273 (2017). Under 28 U.S.C. § 1915(e)(2)(B) (2012), a federal district court must dismiss an in forma pauperis case if

---

[1] Although the district court dismissed the complaint in part without prejudice, we have jurisdiction over the appeal because it is clear that further amendment to the complaint would not cure the complaint's defects. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 628 (4th Cir. 2015).

the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2]

State judges, magistrates, and prosecutors are entitled to absolute immunity from § 1983 damages claims, *see Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 424-29 (1976), and Mateen-El failed to allege that any of these defendants acted outside the scope of their judicial or prosecutorial duties, *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017). Next, Mateen-El's claims against the public defenders and the private citizen were not cognizable under § 1983 because those defendants did not act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Finally, with regard to Mateen-El's damages claims against the law enforcement officers, we conclude—contrary to Mateen-El's allegations—that the warrant "provide[d] the magistrate with a substantial basis for determining the existence of probable cause," *Illinois v. Gates*, 472 U.S. 213, 239 (1983); *United States v. Miller*, 925 F.2d 695, 698 (4th Cir. 1991), and that the warrant satisfied the Fourth Amendment's particularity requirement. Accordingly, we affirm the district court's dismissal of Mateen-El's damages claims on these alternative "grounds apparent from the record." *Riley*, 856 F.3d at 328 (internal quotation marks omitted); *see* 28 U.S.C. § 1915(e)(2).

---

[2] To the extent Mateen-El argues on appeal that his complaint should have been adjudicated under 28 U.S.C. § 1733(b) (2012), his reliance on that provision is misplaced.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*