**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7438**

CEDRIC CONEY,

                Plaintiff - Appellant,

      v.

JOY L. DAVIS; CHARLES IVEY,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:17-ct-03106-BO)

Submitted: May 29, 2020                Decided: June 16, 2020

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cedric Coney, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Cedric Coney filed suit against North Carolina correctional officers Joy Davis and Charles Ivey ("Defendants") under 42 U.S.C. § 1983 (2018), alleging that Defendants used excessive force against him while he was a pretrial detainee in March 2017. After Defendants filed a motion for summary judgment and the district court did not receive a response from Coney, the district court granted summary judgment in favor of Defendants based on the undisputed facts established in their summary judgment motion. The district court subsequently denied Coney's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Coney appeals, and we affirm the district court's orders.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted). We review for abuse of discretion the district court's order denying a motion to alter or amend the judgment. *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019). The Supreme Court has explained that excessive force claims brought by convicted prisoners are governed by the Eighth Amendment's prohibition against cruel and unusual punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015). Such claims "involve[] both an objective and a subjective component. The objective component asks whether the force applied was sufficiently serious to establish a cause of action." *Brooks v. Johnson*, 924 F.3d 104, 112 (4th Cir. 2019). Regarding the subjective component, the plaintiff must establish that the defendant acted in "wantonness in the infliction of pain," which "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.*

Excessive force claims by pretrial detainees, on the other hand, are brought under the Due Process Clause of the Fourteenth Amendment, because the state does not have the authority to punish such detainees. *Kingsley*, 135 S. Ct. at 2475. To succeed on such a claim, a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. This standard turns on the perspective of a reasonable officer and must account for the state's legitimate need to manage the correctional facility. *Id.* Relevant considerations include

3

the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Although the district court analyzed Coney's claim under the Eighth Amendment standard rather than the Due Process Clause standard, we may affirm on any basis apparent from the record. *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017). The undisputed evidence in the record, including video footage of the incident, supports the district court's conclusion that, as a matter of law, Defendants used reasonable and proportionate force to prevent what they reasonably viewed as an imminent act of physical aggression by Coney. Because Defendants did not use unreasonable force against Coney, they did not violate his Fourteenth Amendment rights, and the district court properly dismissed his § 1983 claim. We similarly discern no abuse of discretion in the district court's decision to deny Coney's Rule 59(e) motion.

We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*