**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7259**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLYDE MILLNER, a/k/a Clyde Milner, a/k/a Shy, a/k/a Bad Guy, a/k/a Free,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:08-cr-00086-JKB-23)

Submitted: November 22, 2021                    Decided: December 22, 2021

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Clyde Millner, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyde Millner appeals the district court's order denying his motion for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, 5239, and his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. The district court assumed that Millner was eligible for relief under both provisions but declined to exercise its discretion to reduce his sentence. Millner argues that the district court failed to consider all of his arguments before denying his motions. We review the scope of a district court's authority under the First Step Act de novo, *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), the denial of a motion for a sentence reduction under § 404(b) for procedural and substantive reasonableness, *United States v. Collington*, 995 F.3d 347, 358-61 (4th Cir. 2021), and the denial of a motion for compassionate release for abuse of discretion, *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021).

Initially, we conclude that Millner is not eligible for a sentence reduction under § 404(b). "An offender is eligible for a sentence reduction under the First Step Act only if he previously received a sentence for a covered offense," which the First Step Act defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by certain provisions in the Fair Sentencing Act [of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372]." *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021) (internal quotation marks omitted). Here, the statutory penalty for Millner's racketeering conspiracy conviction under 18 U.S.C. § 1962(d) was life imprisonment because the

2

underlying racketeering activity involved second degree murder, an offense whose statutory penalty was not reduced by the Fair Sentencing Act. *See* 18 U.S.C. § 1111(b); Fair Sentencing Act §§ 2-3, 124 Stat. at 2372. Accordingly, we affirm this portion of the district court's order. *See United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (recognizing this court "may affirm on any grounds apparent from the record" (internal quotation marks omitted)).

Turning to Millner's motion for compassionate release, under the First Step Act, district courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" upon a motion by the Director of the Bureau of Prisons or by the defendant after he has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i). If the district court finds that extraordinary and compelling reasons exist, it must then consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). In balancing the § 3553(a) factors, there is no "categorical rule" that the district court must "acknowledge and address each of the defendant's arguments on the record." *United States v. High*, 997 F.3d 181, 189 (4th Cir. 2021) (emphasis omitted). Rather, all that is required is that the district court "set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (cleaned up). Our review of the record leads us to conclude that the district court sufficiently did so here and therefore did not abuse its discretion by denying Millner's motion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*