**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7671**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM COLBERT, a/k/a Chill Will,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:06-cr-00094-IMK-MJA-1)

Submitted:  February 17, 2022            Decided:  February 23, 2022

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William Colbert, Appellant Pro Se.  Christopher Lee Bauer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Colbert appeals the district court's order denying his motion for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 ("First Step Act"). On appeal, Colbert argues that the district court erred by finding that he was not eligible for a sentence reduction. Upon review, we conclude that the district court did not err by finding that Colbert was not eligible for the sentence reduction that he sought. *See United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (stating that we may affirm on any basis apparent from the record).

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372,] were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (cleaned up). In ruling on a First Step Act motion, a district court "must first determine whether the sentence qualifies for reduction—i.e., whether it is eligible for consideration on the merits." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021) (internal quotation marks omitted). To be eligible for a reduction under § 404(b), a defendant must have been convicted of a "covered offense," meaning an offense for which the Fair Sentencing Act reduced the statutory penalty, namely, either 21 U.S.C. § 841(b)(1)(A) or § 841(b)(1)(B). *Terry v. United States*, 141 S. Ct. 1858, 1863 (2021); First Step Act § 404(a). Defendants who were convicted under § 841(b)(1)(C), in contrast, are not eligible for relief under § 404(b). *See Terry*, 141 S. Ct. at 1863-64. Because Colbert was convicted under

2

§ 841(b)(1)(C), he is not eligible for a sentence reduction under § 404(b) of the First Step Act.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*