**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4571

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MICHAEL HUCKS,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:20-cr-00184-D-2)

Submitted:  October 5, 2022                    Decided:  December 13, 2022

Before AGEE and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hucks pleaded guilty to two counts of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). Pursuant to the Armed Career Criminal Act (ACCA), the district court sentenced him to 192 months of imprisonment on each count, to run concurrently. In the event the ACCA did not govern because the predicate offenses did not occur on three different occasions, the court announced that it would impose — as an alternative sentence — an upward variant sentence of 120 months' imprisonment on the first count, followed by a consecutive 72 months' imprisonment on the second count. Hucks now appeals his sentence. Finding no reversible error, we affirm.

I.

This case arises from two December 2019 encounters between a confidential informant and Hucks at a coconspirator's "stash house." During the first encounter, on December 12, the confidential informant witnessed Hucks possessing an AR-15 rifle. A week later, Hucks sold a loaded .30-06 rifle to the confidential informant. A grand jury returned an indictment charging Hucks with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) — one count for the December 12 possession and one count for the December 18 possession. Hucks pleaded guilty to both counts without a plea agreement.

At sentencing, the district court relied on three of Hucks's prior convictions, which it deemed occurred on three different occasions, to impose an ACCA sentencing enhancement. Specifically, the court relied on two 1997 convictions that occurred on the

2

same day — one for the attempted armed robbery of a Hardee's and one for the armed robbery of Gino's Convenient Store — and a 2015 breaking-and-entering conviction.

Consistent with the ACCA's 180-month statutory-minimum sentence, 18 U.S.C. § 924(e)(1), the court then sentenced Hucks to 192 months of imprisonment on each count, to run concurrently, and five years of supervised release on each count, to run concurrently. Should the ACCA not apply, because, as Hucks argues, the 1997 convictions occurred on the same occasion under *Wooden v. United States*, 142 S. Ct. 1063 (2022), the district court announced an alternative variant sentence. That alternative sentence is 120 months' imprisonment for the first count, followed by a consecutive 72 months' imprisonment for the second count. Hucks timely appealed.

## II.

We can affirm Hucks's sentence "on any grounds apparent from the record." *See United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017). Moreover, we may decline to address whether the district court properly applied the ACCA enhancement if (i) an alternative sentence would produce the same result and (ii) that sentence would be reasonable. *United States v. McDonald*, 850 F.3d 640, 643–44 (4th Cir. 2017); *see also United States v. Shrader*, 675 F.3d 300, 315 (4th Cir. 2012).

In this case, the district court expressly announced an alternative sentence of the same length, in the event that the ACCA did not apply. Noting that the statutory-maximum sentence for a § 922(g) violation is 120 months, 18 U.S.C. § 924(a)(2), the district court stated that if the ACCA did not apply, it would stack the 120-month and 72-month

sentences to reach the same 192-month sentence. *See* U.S. Sentencing Guidelines Manual § 5G1.2 (U.S. Sentencing Comm'n 2018).

We turn to the question of whether this alternative sentence would be reasonable. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007). In so doing, we first consider whether the sentence is procedurally reasonable; if it is procedurally reasonable, we then assess the substantive reasonableness of the sentence. *Id.* at 51.

In determining the procedural reasonableness of the alternative sentence, we look to whether the district court "fail[ed] to calculate (or improperly calculat[ed]) the Guidelines range, treat[ed] the Guidelines range as mandatory, fail[ed] to consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* In announcing the alternative variant sentence, the district court properly calculated and laid out the Guidelines range of 120 to 150 months, absent the ACCA enhancement. Proceeding to impose an upward variance, the district court explained why the § 3553(a) factors compelled a total sentence of 192 months. Thus, the district court committed no procedural error.

In considering the substantive reasonableness of the sentence, we take "into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*; *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). The larger the upward variance, "the more compelling the reasons for the divergence must be." *United States v. Provance*, 944 F.3d 213, 219–20 (4th Cir. 2019) (quoting *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006)). Hucks's alternative sentence constitutes an upward

4

variance of 3.5 to 6 years — a less than 30 percent increase from the upper end of the Guidelines range.  Here, the district court properly acknowledged the upward variance and sufficiently explained why it believed that variance was warranted.  *Cf. United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (finding a lack of substantive reasonableness for a lack of any explanation as to the upward variance).  After its comprehensive analysis of the § 3553(a) factors, the court concluded that Hucks, "who is 41 years old . . . can do better, but chooses not to," that "this is very serious criminal conduct," and that "there's a grave need to incapacitate this defendant and to protect society."  J.A. 93.  Given this careful explanation, we find that the sentence is substantively reasonable.

Because the district court would have imposed the same sentence, absent application of the ACCA, and that alternative variant sentence is reasonable, any error in applying the ACCA sentencing enhancement was harmless.  Because we affirm on the ground that the alternative sentence was reasonable, we decline to reach the issue of whether Hucks's prior convictions occurred on different occasions pursuant to *Wooden*.

III.

For the foregoing reasons, Hucks's sentence of 192 months' imprisonment is

*AFFIRMED.*