**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2000

BRIDGETTE L. FORESYTH,

Plaintiff - Appellant,

v.

CHRISTINE WORMUTH, Secretary of the Army,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:20-cv-00877-LMB-IDD)

Submitted:  April 19, 2023                    Decided:  August 18, 2023

Before KING and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kristen Farr, April Fearnley, THE SPIGGLE LAW FIRM, Arlington, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Yuri S. Fuchs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bridgette L. Foresyth, an African American woman and former employee of the United States Army Japan ("USARJ"), sued the Secretary of the Army ("the Army"), alleging discrimination, retaliation, and hostile work environment claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Foresyth appeals from the district court's entry of summary judgment in favor of the Army on each of her claims. We affirm.

"We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018) (internal quotation marks omitted). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). Additionally, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007) (internal quotation marks omitted).

2

On appeal, Foresyth first argues that a reasonable jury could conclude that the Army subjected her to a hostile work environment. To succeed on a claim for hostile work environment under Title VII, "a plaintiff must prove (1) unwelcome conduct; (2) based on the plaintiff's sex [or race]; (3) sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) that is imputable to the employer." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117 (4th Cir. 2021). As to the fourth element, an employer is liable "if the employer knew or should have known of the harassment and failed to take prompt remedial action reasonably calculated to end the harassment." *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 423 (4th Cir. 2014) (internal quotation marks omitted).

We conclude that no reasonable jury could impute liability for Foresyth's supervisor's conduct. On March 20, 2014, Foresyth requested that the USARJ investigate whether her supervisor's conduct constituted harassment, and, by April 21, the inspector general's office had completed its investigation of Foresyth's claim. By May 17, the USARJ command had reprimanded Foresyth's supervisor and granted the supervisor's curtailment request, thereby removing her from her position. Thus, the Army promptly investigated and remediated Foresyth's complaints about her supervisor.[1] We therefore

---

[1] Foresyth also noted that, when she complained of her supervisor's conduct to her second-level supervisor, he read her a Bible verse instructing slaves to obey their masters. To the extent that she argues that her second-level supervisor's statement, in and of itself, was sufficient to create a hostile work environment, we find her argument unpersuasive. Although the statement was indeed inappropriate, "offhand comments, and isolated incidents (unless extremely serious) [do] not amount to discriminatory changes in the . . . conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788

conclude that the district court properly granted summary judgment to the Army on Foresyth's hostile work environment claim.

Turning to Foresyth's discrimination and retaliation claims, "Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin, and (ii) retaliation against an employee for opposing adverse actions that she reasonably suspects to be unlawful under Title VII." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018) (citations omitted). Foresyth proceeded under the familiar *McDonnell Douglas*[2] pretext framework. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc), *abrogated in part by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Pursuant to *McDonnell Douglas*, "the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010). "A prima facie case of retaliation requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018). If the plaintiff establishes a prima facie case of

---

(1988) (internal quotation marks omitted). And Foresyth points to no further instances of harassment after her supervisor departed, showing that the Army's response to the harassment was effective.

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

discrimination or retaliation, then the burden of production shifts to the employer to articulate a legitimate nondiscriminatory or nonretaliatory justification for its action. *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). If the employer satisfies this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's purportedly legitimate reasons were a pretext for discrimination or retaliation. *Id.*

We conclude that the district court did not err in finding that Foresyth failed to establish an adverse employment action. "An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2004) (cleaned up). "[A]n employee's dissatisfaction with this or that aspect of work does not mean an employer has committed an actionable adverse action." *Id.* at 377. Rather, the key question is whether the employer's disputed action had "a tangible effect on the terms or conditions of employment." *Id.* Foresyth admits that, while she was dissatisfied with supervisor's management style and work assignments, she was never fired, demoted, or disciplined. She maintained her original position despite her supervisor's attempt to reassign her, received glowing performance evaluations throughout her employment, and received a raise in 2014.[3] Thus, the evidence reflects that the

---

[3] Foresyth also briefly raises a constructive discharge claim, asserting that the Army forced her to leave her position by maintaining an abusive working environment. However, Forsyth failed to exhaust her administrative remedies as to this claim, and it is therefore not properly before this court. *See Chacko v. Patuxent Inst.*, 429 F.3d 505, 508-09

supervisor's temporary changes to Foresyth's work did not tangibly affect the terms, conditions, or benefits of her employment.

As for Foresyth's retaliation claim, she asserts that she engaged in protected activity by informing her supervisor that she was upset and had filed an internal complaint. However, even assuming that Foresyth's activity was protected, and that her supervisor's subsequent actions, such as attempting to reassign Foresyth, were adverse, we can discern no causal connection between Foresyth's actions and those of her supervisor.[4] "[N]o causal connection can exist between an employee's protected activity and an employer's adverse action if the employer was unaware of the activity," and an employer is aware of an employee's protected activity only "when he learns of an employee action that he understood or should have understood to be opposition against a Title VII violation." *Strothers*, 895 F.3d at 336.  Here, Foresyth has failed to identify any evidence that she ever informed her supervisor that she suspected unlawful discrimination or harassment based upon her race or sex, or even that she compared the treatment she received to the treatment her coworkers received.  In the absence of such evidence, no reasonable jury could find that Foresyth's supervisor was aware that Foresyth was opposing a Title VII violation,

---

(4th Cir. 2005) (noting that, as a precondition to filing a Title VII claim in federal court, a plaintiff must first exhaust her administrative remedies).

[4] While the district court primarily rejected Foresyth's retaliation claim on the ground that she failed to adduce any evidence of an adverse action, "we may affirm on any grounds apparent from the record." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (internal quotation marks omitted).

rather than merely objecting to her supervisor's rude, demeaning management style. Therefore, Foresyth's retaliation claim fails as a matter of law.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*