**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4836**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

VIRIG SOK CHHENG,

               Defendant - Appellant.

**No. 18-4858**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

ANTHONY SUNNY PAN,

               Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Spartanburg. Timothy M. Cain, District Judge. (7:16-cr-00776-TMC-1; 7:16-cr-00776-TMC-6)

Submitted: July 31, 2019                      Decided: August 20, 2019

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James R. Battle, II, BATTLE LAW FIRM, LLC, Conway, South Carolina; Wallace H. Jordan, Jr., WALLACE H. JORDAN, JR., PC, Florence, South Carolina, for Appellants. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Virig Sok Chheng appeals the 328-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 846 (2012), and 21 U.S.C.A. § 841(a)(1), 841(b)(1)(A), (D) (West 2013 & Supp. 2019). Anthony Sunny Pan appeals the 292-month sentence imposed following his guilty plea to the same drug conspiracy and a conspiracy to conduct money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h) (2012). We consolidated the appeals. Appellate counsel have filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether the sentences imposed by the district court are procedurally reasonable. Chheng and Pan were notified of their right to file a supplemental pro se brief, but Chheng did not do so. Pan has filed a supplemental pro se brief, arguing that the district court erroneously calculated his attributable drug amount at sentencing and challenging the effectiveness of his trial counsel. Finding no reversible error, we affirm.

"We review a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Chheng and Pan question whether the district court erroneously determined their offense levels and criminal histories in calculating their advisory Sentencing Guidelines ranges. The district court specifically discussed the factual basis for the four-level enhancement for Chheng's role as an organizer of the conspiracy, and that determination is not clearly erroneous. *See United States v.*

3

*Manigan*, 592 F.3d 621, 630-31 (4th Cir. 2010) (providing standard of review). Chheng and Pan did not raise the remaining objections at sentencing, so we review for plain error. *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (stating standard of review). Pan's attributable drug weight properly included jointly undertaken criminal activity by coconspirators. U.S. Sentencing Guidelines Manual § 1B1.3(a)(B) (2016); *see* § 1B1.3 cmt. n.3. The record does not plainly establish that Pan did not receive appointed counsel in a prior conviction for which the district court assigned criminal history points. And the district court properly assigned criminal history points for Chheng's prior California convictions, because the Guidelines provide that a defendant's criminal history is calculated based on "any sentence previously imposed upon adjudication of guilt," without any reference to the substantive law of the sentencing jurisdiction. USSG § 4A1.2(a), (c). We conclude that Chheng's downward variant sentence and Pan's within-Guidelines sentence are procedurally and substantively reasonable.

Finally, Pan questions the effectiveness of his trial counsel for requesting a downward variance instead of objecting to the drug weights attributed to him at sentencing. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Given that the district court correctly calculated Pan's advisory Guidelines range, we conclude that he fails to meet this high standard.

In accordance with *Anders*, we have reviewed the entire records in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's

judgments. This court requires that counsel inform Chheng and Pan, in writing, of the right to petition the Supreme Court of the United States for further review. If Chheng or Pan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chheng and Pan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*